**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

NICOLAS RIVAS, et al

    Plaintiffs

              v.

UNITED STATES POSTAL SERVICE, et al

    Defendants

**Civil No.** 08-1968 (SEC)

**OPINION & ORDER**

Pending before this Court is a Motion for Summary Judgment (Dockets ## 37-39) filed by co-defendants the United States Postal Service ("USPS"), John E. Potter ("Potter"), Juan Delgado ("Delgado"), Rosa E. Rodriguez ("Rodriguez"), Michael Mukasey ("Mukasey"), Antonio Guzman ("Guzman"), and Vicente Cruz ("Cruz")(collectively "Defendants"). Plaintiffs, Nicolas Rivas ("Rivas") and Gloria Hernandez ("Hernandez") then filed an Opposition and Request for Partial Summary Judgment. Docket # 42. After reviewing the record of the case, the filings, and the applicable law, the Motion for Summary Judgment is hereby **GRANTED**.

**Relevant Undisputed Facts**

Rivas has worked for the USPS since December, 1988. The Complaint makes an array of allegations, but this Court will not visit them in detail because the administrative record of this suit before the Equal Opportunity Employment Commission ("EEOC") is dispositive of the claims.

Rivas initiated EEO contact as to Agency Case No. 1A-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 on or about October 31, 2005. He alleged discrimination based on age and in retaliation for prior EEOC activity. In a January 3, 2006, Final Agency Decision ("FAD"), the USPS responded to Rivas' allegations, concluding that there was no breach of the settlement agreement, and he was

**CIVIL NO. 08-1968 (SEC)**                                                                 **Page 2**

advised of his appeal rights to the EEOC's Office of Federal Operations ("OFO"). Docket # 38-2. On September 13, 2006, OFO affirmed the Agency's FAD, and found that Rivas had produced insufficient evidence to show that the Agency failed to perform on either the clause of the agreement regarding the injury compensation letter or reviewing his grievances. Docket # 38-2. Plaintiff then filed suit in Rivas v. United States Postal Services, Civ. No. 06-2187 (D.P.R. Nov. 28, 2006), in November of 2006, asking for redress for Agency Case No. 1A-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. Id. at Docket 1. On May 13, 2008 said case was dismissed for failure to timely serve process, and reconsideration of said judgment was denied on May 23, 2008.

Plaintiff initiated EEO contact for 4A-006-0006-07[1] on May 8, 2006. Plaintiff claimed that he was entitled to relief for disability discrimination and retaliation regarding his classification to a limited duty assignment which would have supposedly entitled him to compensation under the "Glover/Albrecht Class Action" settlement.[2] Dockets ## 39-4 & 42-3. However, Plaintiff withdrew his complaint on December 29, 2006, but then asked for reconsideration. Docket # 39-5. The Agency's March 24, 2008 FAD concluded that there was no breach of settlement because Plaintiff failed to produce evidence that would suggest that the parties had engaged in a settlement agreement on May 16, 2006, as he claimed. Docket # 38-8. The OFO issued a Decision dated September 16, 2008, which also held that Plaintiff had failed to substantiate that a breach of settlement had occurred, since he failed to produce any evidence that the parties had entered into a settlement on May 16, 2006, as he claimed. Docket # 38-9. On October 4, 2008, Plaintiff submitted a Request for Reconsideration ("RFR") to the OFO

---

[1] This same charge and appeal is also referred to as 4A-006-0006-07. See Docket # 38-9.

[2] Chandler Glover and Dean Albrecht et al v. John Potter, EEOC No. 320-A2-8011X; Agency No. CC-801-0015-00. Docket # 42-7.

**Civil No. 08-1968 (SEC)**                                                                                                    3

regarding Case No. 4A-007-0006-07. Docket # 38-6. This RFR was denied on November 5, 2008, and Plaintiff was notified of his right to file a civil action within 90 days of that decision.

**Summary Judgment Standard**

*FED. R. CIV. P. 56*

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(quoting Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

**Civil No. 08-1968 (SEC)** 4

**Applicable Law & Analysis**

Plaintiffs allege that the USPS discriminated against Rivas due to his disabilities and in retaliation for activity before the EEOC under Title VII of the Civil Rights Act, 42 U.S.C. 2000 et seq., the Rehabilitation Act of 1973, 29 U.S.C. 791, et seq., the Labor Management Relations Act, 29 U.S.C. 157, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, et seq. They also allege that he was retaliated against for filing several EEOC grievances against the USPS, and as a delegate of the USPS union. The finally seek damages for the alleged breach of a settlement agreement, and certain other considerations, including not reclassifying him to become eligible for a class-action lawsuit. Defendants have responded by proffering a number of procedural and legal defenses regarding Title VII's administrative exhaustion requirements. They also argue that Plaintiffs have improperly named individual co-defendants, and that some of Plaintiffs' claims should be vindicated under the Federal Tort Claims Act ("FTC") and not Title VII.

*EEOC Time-Bar*

In order to file a complaint under Title VII, the plaintiff must exhaust administrative remedies, including EEOC procedures. Frederique-Alexandre v. Department of Natural and Environmental Resources Puerto Rico, 478 F.3d 433, 440 (1st Cir.2007); see also 29 U.S.C. § 626(d). The administrative charge must also be initially filed with the agency withing 300 days of the alleged unlawful employment practice. Rivera v. Puerto Rico Aqueduct and Sewers Authority, 331 F.3d 183, 188 (1st Cir.2003). It appears that the same is true for ADA cases as well. Thorton v. United Parcel Service, Inc., 587 F.3d 27, 31 (1st Cir. 2009). This is because "[t]he ADA incorporates the procedural provisions of Title VII." Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 n. 7 (1st Cir. 2009)(citing Mayers v. Laborers' Health & Saftey Fund of N.A., 478 F.3d 364, 368 (D.C. Cir. 2007)(internal quotations omitted). As a result, "[t]he scope of the

**Civil No. 08-1968 (SEC)**                                                                                          **5**

civil complaint is accordingly limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Id. (citing Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990)(internal quotations omitted)). After the charge is filed, the Plaintiff must bring suit withing 90 days of obtaining an EEOC right-to-sue-letter. CBOCS WEST, Inc. v. Humphries, 553 U.S. 442 (2008).

Under the above criteria, Rivas' claims under EEOC grievance Agency No. 1A-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 is time-barred. The appeal for said claim was denied on September 16, 2006, and assuming Civ. No. 06-2187 interrupted the term for Agency No. 1A-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, the 90 day period began to run again as soon as said case was dismissed without prejudice on May 13, 2008, and reconsideration was denied on May 23, 2008. Nighty-six (96) days passed between the dismissal and the filing of the present action on August 28, 2008, which even including the three-day rule for electronic filing under FED. R. CIV. P. 6(d) is untimely. Moreover, various courts have found that dismissal without prejudice does not allow for a subsequent complaint outside of the 90-day statute of limitations period. Soto-Rivera v. Univ. of P.R., 389 F.Supp.2d 266, 268 (2005); Chico-Velez v. Roche Prods., 139 F.3d 56, 59 (1st Cir.1998); Bost. v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004)

Therefore, those claims brought under EEOC activity where a right-to-sue letter was issued during or prior to Civ. No. 06-2187 are **DISMISSED with prejudice**, along with all other previous claims, where Plaintiffs have failed to include documentation of a right-to-sue letter within 90 days of the filing of the present action. This includes any issue regarding the September 21, 2005 settlement agreement. As such, this Court will only consider those claims included in his most recent EEOC charge.

**Civil No. 08-1968 (SEC)** 6

From the record it appears that Rivas' most recent EEOC charge involves claims for retaliation and discrimination due to physical disability. See Docket # 42-3. The text of the charge states:

> I received a letter from Glover Class Action stating that I was not on limited duty assignment nor on Code 6900. Therefore, my claim was dismissed. This decision was based on information provided by the USPS. This information is incorrect, and was certified so by a grievance procedure, and prior EEO activities. The management of the USPS has deliberately done this to negatively affect my rights in retaliation for my past EEO activities. Id.

Plaintiffs argue that the final EEOC decision included in the January, 19, 2009, Amended Complaint is timely. Docket # 42 at 18. They further state that it should also cover their previous appeals, because the alleged hostile work environment was part of one unlawful employment practice, spanning from 1990 to the present. Id.

As will be further discussed below, these claims cannot be considered in the present complaint, because neither the applicable EEOC charge, nor the facts alleged, give rise to a continuing violation. This Court does not agree with Plaintiffs as to EEOC Appeal No. 01A61656 and Agency No. 1A-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, because said claims were lost when Plaintiff failed to bring suit in a timely fashion. He cannot simply revive them via a new suit alleging a continuing violation.

Furthermore, as to this claim, the relevant period for the Glover/Albrecht Class Action was January 1, 1992 to November 20, 2003, nearly three years before Agency No. 1A-007-006-07. See Dockets ## 42-4 & 42-3. This Court understands that said period is outside the statue of limitations for a discrimination claim, and thus time-barred. Plaintiffs could not wait indefinitely to bring an action regarding Rivas' employment category. As Rivas made his complaint regarding categorization in permanent rehabilitation assignments in May of 2006, it was time-barred because it occurred well after the 300 day limit on administrative charges for

**Civil No. 08-1968 (SEC)**                                                                                           **7**

illegal employment actions. Therefore, these grounds are sufficient to **DISMISS** Plaintiffs' claims. Nevertheless, in light of the confusing pleadings proffered by both parties, this Court finds it appropriate to also discuss the question of exhaustion of internal grievance procedures.

*Internal Grievance Procedures*

Plaintiffs allege Rivas was unfairly denied a limited duty categorization that he needed to participate in the Glover/Albrecht Class Action. Defendants aver, and Plaintiffs do not deny, that said categorization was subject to internal grievance procedures that Rivas has not exhausted. Nothing in the record contradicts this assertion, and Plaintiffs' only defense is that Defendants' depositions did not clarify why he was not put on a permanent rehabilitation assignment. See Docket # 42 at 9.

The USPS and the American Postal Workers Union ("APWU") have established a grievance system in their Collective Bargaining Agreement ("CBA"). Federal policy encourages grievance and arbitration procedures in labor disputes, such as the present, and where an arbitration clause exists, "[d]oubts should be resolved in favor of coverage." American Postal Workers Union, AFL-CIO v. United States Postal Service, 126 F.Supp. 2d 1, 3 (D.D.C. 2000)(citing AT&T Tech., Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)). Furthermore, ". . . since 1999 the First Circuit has recognized the arbitrability of Title VII claims, and other anti-discrimination laws." Jorge-Colon v. Mandara Spa Puerto Rico, Inc., ___ F.Supp.2d ___, 2010 WL 563448 (D.P.R. Feb. 18, 2010).

Plaintiffs allege that the failure to adjust Rivas' form 50 of his labor distribution code to number 68 or 69, is part of a long standing pattern of retaliation and discrimination against him. They do not contest that he did not exhaust internal agency remedies before filing suit, instead they argue that perusing said procedures would have been useless given the USPS's alleged posture. Docket # 42 at 20. Nevertheless, these allegations do not suffice to prove that

**Civil No. 08-1968 (SEC)** 8

the grievance and arbitration procedures of the CBA are futile, because "the mere nonperformance of a contractual obligation, even a substantial breach of a contract, does not support an inference that the obligation to arbitrate has been repudiated." AFL-CIO, 126 F.Supp.3d at 4.

Plaintiffs have not proffered any evidence that he completed the grievance procedure as to the Glover/Albrecht class-action case. There are three exceptions to the exhaustion requirement for grievances under a CBA: "(1) where the employer's conduct repudiates contractual remedies; (2) where use of grievance procedures would be futile; and (3) where the union breaches its duty by wrongfully refusing to process a grievance." Podobnik v. U.S. Postal Service, 409 F.3d 584, 594 (3rd Cir. 2005); see also Clayton v. Int'l Union, U.A.W., 541 U.S. 679, 689 (1981). And "bare assertions" do not suffice to establish said conditions. Id. (citing Celotex Corp. V. Catrett, 477 U.S. 317, 325 (1986)). Here, no facts have been proffered to show that the employer's conduct has repudiated contractual remedies, or that the union breached its duty. Furthermore, Plaintiffs' asseverations that the USPS officials depositions were contradictory do not suffice to show that the use of internal grievance procedures would have been futile. Therefore, summary judgment must be **GRANTED** on these grounds, because Rivas has failed to show that he exhausted his grievance procedures in accordance with the CBA.

*Retaliation & Physical Disability Discrimination*

To prove a prima facie case of retaliation Plaintiff must allege that: (1) he engaged in protected conduct under Title VII; (2) he suffered an adverse employment action; and (3) the adverse action was causally connected to the protected activity. Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir.2009). Retaliation claims under Title VII and the ADA for retaliation mirror each other. Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 106 (1st Cir.2007).

**Civil No. 08-1968 (SEC)** 9

Furthermore, "[t]o establish a prima facie case of disability discrimination under the ADA, a plaintiff must prove: (1) that [he] was 'disabled' within the meaning of the ADA; (2) that [he] was able to perform the essential functions of her job with or without accommodation; and (3) that [he] was discharged or adversely affected, in whole or in part, because of her disability." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008). These two claims would normally be analyzed separately. However, they both require an adverse employment action, and because Rivas has not exhausted internal grievance procedures regarding his categorization, he cannot bring such a claim at present. Therefore, even if Plaintiffs' claims regarding Rivas' employment classification were not time-barred, they would still not be actionable because he has failed to exhaust internal grievance procedures. Accordingly, Defendants' Motion for Summary Judgment on these grounds is hereby **GRANTED**.

*The Continuing Violation Doctrine*

Plaintiffs allege that the USPS's alleged failure to reclassify Rivas is part of an ongoing pattern of retaliation and discrimination, dating back nearly twenty years. They thus allege that said action constitutes part of a continuing violation for a hostile work environment. This Court does not agree. Rivas' EEOC claim does not appear to outline a valid hostile work environment claim, nor do the facts pled in the Amended Complaint. A hostile work environment claim first requires a plaintiff to show that:

> (1) he is a member of a protected class; (2) he experienced uninvited harassment; (3) the harassment was [based on his disability, age, or retaliatory animus]; (4) the harassment was so severe or pervasive as to create an abusive work environment; and (5) the harassment was objectively and subjectively offensive.

Prescott v. Higgins, 538 F.3d 32, 42 (1st Cir. 2008). This requires being " . . . subjected to conduct that was extreme, humiliating, or that unreasonably interfered with his ability to work." Id. However, isolated offensive utterances will not suffice. Id.; see also Kosereis v. Rhode

**Civil No. 08-1968 (SEC)**                                                                                           **10**

Island, 331 F.3d 207, 216 (1st Cir. 2003). In the present action, Plaintiffs have only alleged a few incidents of allegedly hostile behavior towards Rivas. These were few and far between, and cannot suffice to sustain a ADA or Title VII claim.

Furthermore, Rivas' most recent EEOC claim is for denial of his reclassification and not hostile work environment. This should not be interpreted as part of a continuing violation because, ". . . a discrete discriminatory act that, like a termination, a refusal to transfer, or a failure to promote, does not require repeated conduct to establish an actionable claim." Tobin, 553 F.3d at 130; see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). On this point the law is clear: ". . . the denial of a disabled employee's request for accommodation starts the clock running on the day it occurs." Id. Accordingly, this Court finds that Rivas' claims for a hostile work environment cannot succeed and must be **DISMISSED with prejudice**.

*Other Claims*

Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Layme v. Matias, 177 F.Supp. 2d 111, 114 (D.P.R. 2001). Because Rivas' central allegations are premised on discrimination, his other claims must also be dismissed. Id. Furthermore, in a Title VII suit all claims must be brought against the head of the agency, or governmental unit, in cases against the USPS. Accordingly, "the Postmaster General is the only properly named defendant." Id.; see also Soto v. USPS, 905 F.2d 537, 539 (1st Cir. 1990). Therefore, all Title VII claims against the other named co-defendants are **DISMISSED with prejudice**.

Finally, Defendants argue that this case should be seen under the FTCA. This issue is moot, because Plaintiffs' claims have already been disposed of by this Court. However, the First Circuit has interpreted that the FTCA bars tort suits directed against federal agencies and their

**Civil No. 08-1968 (SEC)**                                                                                      **11**

employees *eo nomine*. Armor Elevator Co., Inc. v. Phoenix Urban Corp., 655 F.2d 19, 22 (1st Cir. 1981). Rather FTCA claims must be brought against the United States directly. Moreover, FTCA claims require that in order for the United States to waive its immunity "an administrative claim be filed and finally denied. . ." Celestine v. Mount Vernon Neighborhood Health Center, 283 F. Supp. 2d 392, 399 (S.D.N.Y. 2003); McNeil v. United States, 508 U.S. 106, 113 (1993). Therefore, "an administrative claim is thus an absolute jurisdictional prerequisite to litigation." Ewing v. Beth Israel Deaconess Medical Center, No. 09-11128, 2009 WL2425966 (D. Mass. 2009); see also Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir.2002). Accordingly, even if this case were not entirely covered by Title VII, Plaintiffs have still failed to comply with the FTCA's exhaustion requirements as to their claims of breach of any settlement contract.

**Conclusion**

In light of the above, Defendants' Motion for Summary Judgment is **GRANTED**, and the present case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2010.

> *S/ Salvador E. Casellas*
> SALVADOR E. CASELLAS
> United States District Judge