IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NICOLAS RIVAS, et. al.

    Plaintiffs

            v.

UNITED STATES POSTAL SERVICE, et. al.

    Defendants

**Civil No. 08-1968 (SEC)**

**OPINION AND ORDER**

Pending before this Court is Nicolas Rivas and Gloria Hernandez's (collectively, "Plaintiffs") Motion to Amend/Alter Judgment of the Opinion and Order (Docket #72) granting summary judgment in favor of the United States Postal Service ("USPS") and Co-Defendants John E. Potter ("Potter"), Juan Delgado ("Delgado"), *et. al.* (collectively, "Defendants"). Defendants have duly opposed said motion. Docket #77. After reviewing the parties' filings, and the applicable law, for the reasons explained below, Plaintiffs' Motion for Reconsideration is **DENIED.**

**Factual and Procedural Background**

This Court discusses only an abbreviated factual background since the extended version is set forth in the previous Opinion and Order. Docket #70. On March 26, 2010, this Court granted Defendants' Motion for Summary Judgment. Docket # 70-71. In response, on April 5, 2010, Plaintiffs filed the present FED. R. CIV. P. 59(e) Motion, requesting additional findings of fact and conclusions of law. Docket # 72. Then on May 14, 2010, Defendants opposed Plaintiffs' request since they assert Plaintiffs failed to establish a manifest error of law and/or did not present new evidence under the standards of Rule 59(e).

### Standard of Review

*FED. R. CIV. P. 59(e)*

Rule 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or to amend said judgment. The rule itself does not specify on what grounds the relief may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 355 F.3d 350, 355 (5th Cir. 1993)).

Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion may be granted if: 1) the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party may present newly discovered evidence; 3) it is necessary to prevent manifest injustice; and 4) there is an intervening change in controlling law. See FDIC v. World University, 978 F. 2d 10 (1st Cir. 1992) (citing FDIC v. Meyer, 781 F. 2d 1260, 1268 (7th Cir. 1986)). FED. R. CIV. P. 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

### Applicable Law and Analysis

Rule 59 (e) motions are "aimed at reconsideration, not initial consideration." Meyer, 978 F.2d at 18 (citing Harley Davidson Motor Co. Inc. v. Bank of New England, 897 F. 2d 611, 616 (1st Cir. 1990)). Therefore, parties should not use a motion under Rule 59(e) to "raise arguments which could, and should, have been raised before judgment issued." Id. (quoting Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).

**CIVIL NO. 08-1968 (SEC)**                                                                                       **Page 3**

In Plaintiffs' Motion for Reconsideration, they request additional findings of fact and conclusions of law regarding several arguments that had already been raised in the Motion Opposing Summary Judgment. See Docket #72 at 2-7.  They also claim that their Motion for Partial Summary Judgement remains unresolved. Defendants, on the other hand, contend that Plaintiffs's motion shows no error of law and does not include relevant  new evidence. Docket #77 at 1-2. According to Defendants, Plaintiffs are merely rehashing the same arguments raised in their Opposition to Summary Judgment.

Upon re-examination of the record, this Court agrees with Defendants and **will not alter** its prior holding. Nonetheless, since Plaintiffs correctly claim that their Motion for Partial Summary Judgment has not been expressly resolved, this Court will first address this issue and then proceed to review the remaining arguments.

*Plaintiff's Motion for Partial Summary Judgment*

Accompanying their opposition to Defendants' Motion for Summary Judgment, Plaintiffs' included a Counter Motion for Summary Judgment, which was not expressly discussed in this Court's Opinion and Order. This Court recognizes Plaintffs' point, but it is important to note that the determination of a motion need not always be expressed, and may be implied by an entry of an order inconsistent with granting the relief sought. See Lohnes v. Level 3 Communications, Inc. 272 F. 3d 49, 59 (2001) (citing Wimberly v. Clark Controller Co., 364 F. 2d 225, 227 (6th Cir. 1966)).  It has long been accepted that a trial court may implicitly deny a motion by entering judgment to the contrary. Id. (citing In re Grand Jury Subpoena (Newparent Inc.), 274 F. 3d 563, 577 (1st Cir. 2001); Lewry v. Town of Standish, 984 F. 2d 25, 27 (1st Cir 1993)).  Therefore, although the Opinion and Order did not directly address Plaintiffs' motion, ruling in favor of the Defendants Motion for Summary Judgment implicitly **DENIED** Plaintiffs' request for partial summary judgment.         This Court will refer to the Opinion and Order (Docket #70) to demonstrate that

**CIVIL NO. 08-1968 (SEC)**                                                                 **Page 4**

these arguments, which include the agency forms referred to in the motion, the agency number for various claims made by Rivas before the EEOC, and the question of time bar, have already been addressed and do not establish sufficient grounds to amend judgment because they are not based on newly discovered evidence or manifest an error of law or fact. See Rivera-Garcia v. Ana G. Mendez Univ. System, 359 F. Supp. 2d 58, 59 (D.P.R. 2005) (citing Colon v. Fraticelli, 181 F. Supp. 2d 48, 50 (D.P.R. 2002)).

*Adjusting Form 50[1] and Glover/Albrecht[2] class action*

This Court has already resolved that Plaintiffs' claims under EEOC grievance Agency No. 1A-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 (Docket # 70 at 4-5) and Agency No. 1A-007-0006-07 (Docket #70 at 11) are time-barred. For the reasons explained above, this Court shall review the claims in Plaintiffs' reconsideration concerning Defendants' alleged inaction adjusting Rivas' status to a permanent rehabilitation classification causing him to be dismissed from the Glover class action case.[3]

Plaintiffs allege that there has been confusion regarding the correct EEOC agency number for the Glover compliant. Plaintiffs aver that the Glover Case number is 1A-007-0006-07, and the number 4A-006-0006-07 was assigned by USPS to create confusion with another case. Docket #42 at 21. In Plaintiffs' reconsideration, they also allege that Rivas' complaint

---

[1] Adjusting Form 50 of 6900 code would have placed Rivas on a permanent rehabilitation status. Plaintiffs allege that USPS' failure to adjust Rivas' Form 50 of his labor distribution code to number 68 or 69, is part of a long pattern of retaliation and discrimination against him. See Docket #12 at 6.

[2] The Glover/ Albrecht Class stipulated that any employee of the USPS that between the dates of January 1, 1992 and November 20, 2003 was on permanent rehabilitation status could qualify to be part of the class action if they were denied promotional and/or advancement opportunities due to discrimination on the basis of disability. Mr. Rivas apparently met the other requirements except for the permanent rehabilitation employee status and thus was not included. Chandler Glover and Dean Albrecht et al v. John Potter, EEOC No. 320-A2-8011X Agency No. CC-801-0015-99 Docket #12 at 6.

[3] Plaintiffs initially brought forth this action with EEOC, under Agency No. 1A-007-0006-07.

**CIVIL NO. 08-1968 (SEC)**                                              Page 5

regarding his employment status on permanent rehabilitation assignment is not time-barred, because Rivas only knew about Defendants' retaliatory actions when class action counsel, John Mosby, informed them about Defendants' actions in or around April 25, 2006. These arguments will be discussed in turn.

*1. Agency Number Error*

Plaintiffs contend that the case with agency number 4A-006-0006-07 involves another EEOC claim pertaining to an issue of pay anomaly that has nothing to do with Appeal 0120082122. According to Rivas, said claim regards USPS' refusal to classify Rivas on a permanent rehabilitation employment status and the dismissal of the Glover case. See Dockets## 43 -12 and 42-21. After reviewing Exhibit # 8 from the Defendants Statement of Uncontested Facts ("DSUF") and Exhibit # 3 of Plaintiffs' Opposition, this Court finds that both of these exhibits refer to Appeal 0120082122. Therefore, the pertinent number to refer to is the appeal number instead of the agency number. See Docket #72 at 2. Since both parties refer to the same documents attached to the dispositive motions and oppositions, Plaintiffs' claim regarding the intention to create confusion with the agency numbers is without merit.

Furthermore, in order for this Court to change its prior ruling under Rule 59 (e), the moving party must presents new facts or a clear error of law. State of New York v. US, 880 F. Supp. 37, 39 (1995) (citing Natural Resources Defense Council, Inc. v. EPA, 705 F. Supp. 698, 702 (D.C.C.1989)). However this is not the case at hand since the agency number error does not change any facts or law applied by this Court. None of the required grounds under FED. R. CIV. P. 59 (e) are present in this allegation. Therefore, said claim is rejected by this Court.

*2. EEOC Time- Bar*

**CIVIL NO. 08-1968 (SEC)**                                                                                                              **Page 6**

The question this Court must now review is whether Rivas' EEOC complaint from May 2006, regarding the USPS' alleged inaction to categorize him in permanent rehabilitation employment status, is time-barred.

Plaintiffs claim they only knew about Defendants' retaliatory actions [4] when John Mosby informed them about Defendants' actions on or around April 25, 2006. Consequently, Plaintiffs argue that since they filed an EEOC complaint regarding this issue on May 08, 2006 (See Docket #42, Exhibit #2) they complied with the statutory period of filing the charge within 300 days of the employment practice. Furthermore, they allege that since the final decision by the EEOC regarding this issue is dated November 5, 2008, by presenting to the Court their amended complaint on January 15, 2009 they adequately tolled the ninety (90) day statutory period to file a civil action. Thus, Plaintiffs aver that their cause of action is not time-barred. The Court disagrees.

In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice under federal employment law, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States the charge must be filed within 180 days. National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 110 (2002). The requirement that the charge be filed after the practice occurred indicates that, depending on the jurisdiction, a litigant has up to 180 or 300 days after the unlawful practice happened to file a charge with the EEOC. Id. A complainant then has the right to file a civil action within ninety (90) days from the day of receiving the final agency decision.

---

[4] Plaintiffs allege that Rivas was retaliated against for filing several EEOC grievances against the USPS, and because he acted as a delegate of the USPS worker's union.

**CIVIL NO. 08-1968 (SEC)**                                                                 **Page 7**

A discrete retaliatory or discriminatory act occurs on the day that it happens. National, 536 U.S. at 110. USPS's inaction to classify Rivas on a permanent rehabilitation category was a discrete act, which triggered the statutory limitations period. See, Tobin v. Liberty Mutual Insurance Company, 553 F. 3d 121, 129 (1st Cir. 2009). Rivas began working with the USPS in 1989, and the date of his initial injury was on September 26, 1989. See Docket #42, Exhibit #7. Plaintiffs argued in their Opposition to Defendants' Motion for Summary Judgment that if Delgado had verified Rivas' USPS Injured Worker Case Query he would have found that the Office of Workers Compensation Program ("OWCP") had accepted Rivas case since 1989, which should have placed Rivas in a permanent rehabilitation classification. See Docket #42 at 13. However, it was Rivas who should have been aware that he was not on a permanent rehabilitation employment status in 1989 when he first was injured. Furthermore, Rivas filed several EEOC complaints[5] prior to the one regarding his employment classification and Glover complaint in which he should have been aware or have come across his employment classification. See Docket #42, Exhibit #2.

It is clear from the record that Rivas should have been aware that he was not going to be placed on permanent rehabilitation status, which he alleges entitlement to well before he was denied access to the Glover suit. Tobin, 553 F. 3d at 134. Rivas had the opportunity to reasonably know or be aware of his employment categorization in 1989, and on many subsequent dates before May 2006, especially in light of his other EEOC complaints.

Rivas cannot allege now that he has been both retaliated against since 1989 and claim to have a cause of action from a discrete act which he avers to have only known through John Mosby's letter in 2006. Not only has Rivas been aware of his disability since 1989, but he has

---

[5] Plaintiff filed EEOC complaints on April 27, 2001 with case No. 1A 007-0020-01 and on March 21, 2005 with case No. 1A 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. These are other instances where Rivas should have been aware or reasonably know that he was not classified on permanent rehabilitation employment status.

**CIVIL NO. 08-1968 (SEC)**  **Page 8**

filed various EEOC complaints in which he must have been aware, or should have reasonably known his employee classification. Since Rivas did not file his complaint until May of 2006, this Court resolved that the job category claims were time-barred. See Docket #70 at 6. The 300 day statutory period began to run in 1989 when he alleges that he began to qualify for reclassification. Plaintiffs' claims are untimely because Rivas did not make a specific request or complaint for his re-classification within the statutory limitation periods. Therefore, after reviewing the law and pertinent uncontested facts, this Court **will not alter** its prior holding.

Moreover, Plaintiffs have failed to proffer evidence that USPS refused to accommodate Rivas on permanent rehabilitation employment status. Plaintiffs never filed an EEOC claim regarding Rivas' classification until May 08, 2006 when Rivas filed for Pre-Complaint Counseling. See Docket #42, Exhibit #2. Of course, the employee must be allowed some time after making a request for an accommodation to await action from the employer and to assess whether such action has been adequately forthcoming. Nonetheless, that time period cannot go on indefinitely, or it would render the limitations period ineffectual.

To counter this reality, Plaintiffs attempt to establish a continuing violation claim alleging that USPS' failure to reclassify Rivas is part of an on going pattern of retaliation and discrimination which constitutes a hostile work environment. See Docket #70 at 9. Under the continuing violation doctrine a plaintiff may recover damages for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period. Tobin, 553 F. 3d at 130. However, it is now well established that the doctrine does not apply to "discrete acts" of alleged discrimination that occur on a "particular day," but only to discriminatory conduct that takes place "over a series of days or perhaps years." Id. (citing Morgan, 536 U.S. 101(2002)).

Plaintiffs intend to file a civil action based on a discrete discriminatory act, dating back nearly twenty years ago, which they allege is part of a continuing violation for a hostile work environment. Docket #42 at 5. This Court has already resolved this issue and Plaintiffs have failed to present any new evidence to support the conclusion that Rivas did not know or that he could not have been reasonably aware that USPS did not accommodate him on permanent rehabilitation employment status. See Docket #70 at 9. As discussed in this Court's Opinion & Order granting the Defendant's Summary Judgment, "the denial of a disabled employee's request for accommodation starts the clock running on the day it occurs." Docket #70 at 10 (citing Morgan). Consequently, the continuing violation doctrine for hostile work environment does not apply in this case and must be **DISMISSED with prejudice.**

**Conclusion**

An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination. Tobin, 553 F. 3d at 132. The Supreme Court has emphasized that "a new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent non-discriminatory acts that entail adverse effects resulting from past discrimination." Id. (citing Ledbetter v. The Good Year Tire & Rubber Co., 550 U.S. 618, 628 (2007)). Furthermore, in the context of a request to alter the timely filing requirements of Title VII, the Supreme Court has stated that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of even handed administration of the law." Morgan, 536 U.S. 101 (2002) (citing Mohasco Corp. V. Silver, 447 U.S. 807 (1980)).

The statutory period begins to run even in the face of equivocal action or inaction by the employer if the employee had adequate notice that his request would not be accommodated. Id. (citing Ocean Spray, 808 N. E. at 268). Therefore, Rivas had to bring forth the claim regarding re-classifying him in 1989 when he alleges his disability first occurred or on April

27, 2001, or March 21, 2005, when Rivas filed his previous EEOC complaints. On all of these dates he should have been aware of his employment classification. Since a plaintiff cannot recover damages under time-barred events, said claims were lost when Plaintiffs failed to bring suit in a timely fashion. Given the evidence before this Court, there is no reason to grant Plaintiffs' request for reconsideration.[6] Based on the foregoing, Plaintiffs' Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of July, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[6] The remaining allegations raised in Plaintiffs reconsideration are not discussed in this Opinion, since Plaintiffs cause of action is time-barred for the reasons explained in the Opinion and Order (Docket #70) and the reasons set forth in this Opinion.